1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

LEE FITZGERALD, individually and on
behalf of all others similarly situated,

*Plaintiff*,

v.

THE SHADE STORE, LLC,

*Defendant*.

Case No.

**CLASS ACTION COMPLAINT**

**JURY DEMAND**

17

18

19

20

21

22

23

24

25

26

27

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## <u>Table of Contents</u>

I.      Introduction. .................................................................................................................1

II.     Parties. .........................................................................................................................3

III.    Jurisdiction and Venue. ...............................................................................................4

IV.     Facts. ...........................................................................................................................4

      A.      Defendant's fake sales and discounts. ............................................................4

      B.      Defendant's advertisements violate Washington law. ...................................16

      C.      Defendant's advertisements harm consumers ...............................................17

      D.      Plaintiff was misled by Defendant's misrepresentations. .............................19

      E.      Defendant breached its contract with and warranties to Ms. Fitzgerald and the putative class. ..............................................................................................21

      F.      No adequate remedy at law. ..........................................................................22

V.      Class Action Allegations. ...........................................................................................22

VI.     Claims. ........................................................................................................................24

      Count I: Violation of the Washington Consumer Protection Act: RCW Chapter 19.86 ........24

      Count II: Breach of Contract ....................................................................................26

      Count III: Breach of Express Warranty .....................................................................27

      Count IV: Quasi-Contract/Unjust Enrichment .........................................................28

      Count V: Intentional Misrepresentation .....................................................................28

VII.    Jury Demand. ..............................................................................................................29

VIII.   Prayer for Relief. .........................................................................................................29

CLASS ACTION COMPLAINT
Case No.

i

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

**I.      Introduction.**

1.      Advertised "sale" prices are important to consumers.  Consumers are more likely to purchase an item if they know that they are getting a good deal.  Further, if consumers think that a sale will end soon, they are likely to buy now, rather than wait, comparison shop, and buy something else.

2.      While there is nothing wrong with a legitimate sale, a fake one—that is, one with made-up regular prices, made-up discounts, and made-up expirations—is deceptive.  It is also unfair.  And, it violates Washington's consumer protection laws, which prohibit "[u]nfair methods of competition and unfair or deceptive acts or practices."  *See* Wash. Rev. Code Ann. § 19.86.020.

3.      Defendant The Shade Store, LLC ("The Shade Store" or "Defendant") makes, sells, and markets blinds, shades, and other window covering products (the "Products").  The Products are sold online through Defendant's website, TheShadeStore.com.

4.      On its website, Defendant lists prices and advertises purported time-limited discounts from those listed prices.  These include "LIMITED TIME" sales offering "X% off" all orders and all Products.  Defendant represents that these discounts will end on a certain date.  Defendant also advertises that its Products have a lower discount price as compared to a higher, list price shown in black and/or strikethrough font.  Examples are shown below:

CLASS ACTION COMPLAINT
Case No.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066



5.      Far from being time-limited, however, Defendant's discounts are *always* available (and are always at least 15% off the purported list prices).  As a result, everything about Defendant's price and purported discount advertising is false.  The list prices Defendant advertises are not actually Defendant's

regular prices (the prices it usually charges), because Defendant's Products are *always* available for at least 15% less than that. The purported discounts Defendant advertises are not the true discount the customer is receiving, and are often not a discount at all, because customers can *always* buy Defendant's Products at the discount price. Nor are the purported discounts "LIMITED TIME" or "end[ing]" on the listed date—quite the opposite, they are always available.

6. As described in greater detail below, Ms. Fitzgerald bought a set of shades from Defendant from its website, TheShadeStore.com. When Ms. Fitzgerald made her purchase, Defendant advertised that a limited-time sale was going on, and so Defendant represented that the Product Ms. Fitzgerald purchased were being offered at a steep discount from its purported regular price that Defendant advertised in strikethrough font. And based on Defendant's representations, Ms. Fitzgerald believed that she was purchasing a Product whose regular price and market value were the purported list price that Defendant advertised, that she was receiving a substantial discount, and that the opportunity to get that discount was time-limited. These reasonable beliefs are what caused Ms. Fitzgerald to buy from Defendant when she did.

7. In truth, however, the representations Ms. Fitzgerald relied on were not true. The purported list prices were not the true regular prices, the purported discounts were not the true discounts, and the discounts were not time-limited. Had Defendant been truthful, Ms. Fitzgerald and other consumers like her would not have purchased the Products, or would have paid less for them.

8. Ms. Fitzgerald brings this case for herself and the other customers who purchased Defendant's Products.

## II. Parties.

9. Plaintiff Lee Fitzgerald is domiciled in Seattle, Washington.

10. The proposed class includes citizens of every state.

11. Defendant The Shade Store, LLC is a Delaware company with its principal place of business at 21 Abendroth Avenue, Port Chester, New York, 10573.

CLASS ACTION COMPLAINT
Case No.

3

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

III.    **Jurisdiction and Venue.**

12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).  The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

13.    This Court has personal jurisdiction over Defendant.  Defendant does business in Washington.  It advertises and sells its Products in Washington, and serves a market for its Products in Washington.  Due to Defendant's actions, its Products have been marketed and sold to consumers in Washington, and harmed consumers in Washington.  Plaintiff's claims arise out of Defendant's contacts with this forum.  Due to Defendant's actions, Plaintiff purchased Defendant's Product in Washington, and was harmed in Washington.

14.    Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because Defendant would be subject to personal jurisdiction in this District if this District were a separate state. Defendant advertises and sells its Products to customers in this District, serves a market for its Products in this District, and Plaintiff's claims arise out of Defendant's contacts in this forum.  Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred here.

IV.    **Facts.**

A.    **Defendant's fake sales and discounts.**

15.    Defendant makes, sells, and markets windowing covering products, including but not limited to, blinds, shades, and drapes.  Defendant sells its Products directly to consumers online, through its website, TheShadeStore.com.

16.    On its website, Defendant creates the false impression that its Products' regular prices and market value are higher than they truly are.

17.    At any given time, on its website, Defendant advertises steep discounts on its Products. These discounts always offer "X%" off.  Reasonable consumers reasonably interpret Defendant's advertisements to mean that they will be getting a discount "off" of the prices that Defendant usually charges for its Products.  Even though in truth these discounts run in perpetuity, Defendant

CLASS ACTION COMPLAINT
Case No.

4

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

prominently claims they will "end[]" on a certain date. And it advertises these discounts extensively: on an attention-grabbing banner on every webpage of its website; on its "What's On Sale" page; on the products listing pages, on the individual product customization pages for each Product; and on the checkout pages. It advertises them by touting "X% off"; by advertising list prices in strikethrough font next to lower, purported discount prices; with slogans such as "15% OFF (ends 8/23)" directly above the list prices and purported discount prices; and by identifying the supposed savings that customers are supposedly receiving by using list prices in strikethrough font next to lower, purported discount prices in orange font, during checkout. Example screenshots are provided below:



Captured February 23, 2021

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066



Captured July 14, 2021



Captured December 8, 2021

CLASS ACTION COMPLAINT
Case No.

6

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066



Captured March 10, 2022



Captured June 28, 2022

CLASS ACTION COMPLAINT
Case No.

7

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066



Captured December 21, 2022



Captured May 8, 2022

CLASS ACTION COMPLAINT
Case No.

8

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066



Captured August 24, 2022



Captured March 1, 2023

CLASS ACTION COMPLAINT
Case No.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066



Captured August 24, 2022



Captured February 6, 2023

CLASS ACTION COMPLAINT
Case No.

10



Captured August 25, 2023



Captured January 5, 2023

CLASS ACTION COMPLAINT
Case No.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

| Product | $560.00 |
| Sale | -$84.00 |
| Shipping | FREE |
| Product Subtotal | $476.00 |
| Product Tax (10.250%) | $48.81 |
| **Product Total** | $524.81 |

Captured January 5, 2023

18.     Defendant represents that these discounts will only be available for a limited time, but in reality, they continue indefinitely.  For example, as depicted below, Defendant represents that its sales expire on a particular date, for example: "ENDS 3/16."  To reasonable consumers, this means that after the specified date, Defendant's Products will no longer be on sale and will retail at their purported list price.  But immediately after each purportedly time-limited sale ends, Defendant generates another similar or identical discount, with a new expiration date.

19.     For example, on March 10, 2022, Defendant advertised a purportedly time-limited sale that "ENDS 3/16" on TheShadeStore.com:

CLASS ACTION COMPLAINT
Case No.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066



Captured March 10, 2022

20.     However, on March 17, 2022, the day that the time-limited sale was supposed to have ended, Defendant advertised the same sale with a new expiration date, 3/30.

Captured March 17, 2022

CLASS ACTION COMPLAINT
Case No.

13

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

21.     To confirm that Defendant always offers discounts off of purported regular prices, Plaintiff's counsel performed an investigation of Defendant's advertising practices using the Internet Archive's Wayback Machine (available at www.archive.org).[1]  That investigation confirms that Defendant's sales have persisted continuously since at least April 23, 2020 (and likely earlier).  For example, 45 randomly selected screenshots of Defendant's website, TheShadeStore.com, were collected from the Internet Archive's Wayback Machine, from the 2020-2022 period.  In addition, 43 additional screenshots from TheShadeStore.com website were captured in 2023 by visiting the website and recording screenshots.  One hundred percent of the 88 randomly selected screenshots of Defendant's website, captured on the Wayback Machine and directly on the website, displayed a sitewide discount of at least 15%.  This confirms that sitewide discounts of at least 15% were always available throughout the relevant timeframe.

22.     In addition, Defendant's website lists fake regular prices (that is, prices reflecting the list price or value of an item) and fake discounts.

23.     For example, on January 5, 2023, Defendant advertised a purported time limited sale on TheShadeStore.com for all orders.  As part of this discount, Defendant listed purported regular prices in strikethrough font and represented that consumers would receive "15% OFF" by purchasing during the promotion.  For example, Defendant represented that the "Roller Shades" had a regular list price of $350, that consumers would get "15% OFF" of that regular list price by shopping now, and that the discount price was $298:

---

[1] The Internet Archive, available at archive.org, is a library that archives web pages. https://archive.org/about/

CLASS ACTION COMPLAINT
Case No.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066



Captured January 5, 2023

24.     But the truth is, the Roller Shades' listed regular price of $350 is not their regular price. Instead, they are always at a discount from the purported regular price of $350 (*e.g.*, on January 5, 2023, it was priced at $298, and on April 19, 2023, it again was priced at $298), and the customer is not receiving the advertised discount by buying during the purported sale.

25.     Using these tactics, Defendant leads reasonable consumers to believe that they will get a discount on the Products they are purchasing if they purchase during the limited-time promotion. In other words, it leads reasonable consumers to believe that if they buy now, they will get a Product worth X at a discounted, lower price Y; and they will get a discount. This creates a sense of urgency: buy now, and you will receive something worth more than you pay for it; wait, and you will pay more for the same thing later.

26.     Based on Defendant's advertisements, reasonable consumers reasonably believe that the list prices are Defendant's regular prices, and its former prices (that is, the price at which the goods were actually offered for sale before the limited-time offer went into effect). In other words, reasonable consumers believe that the list prices Defendant advertises represent the amount that consumers usually have to pay for Defendant's goods, formerly had to pay for Defendant's goods, before the limited-time

CLASS ACTION COMPLAINT
Case No.

15

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

sale began, and will again have to pay for Defendant's goods when the sale ends. Said differently, reasonable consumers reasonably believe that, prior to the supposedly time-limited sale, consumers had to pay the list price to get the item and did not have the opportunity to get a discount from that list price.

27.    Reasonable consumers also reasonably believe that the list prices Defendant advertises represent Defendant's regular prices, and the true market value of the Products, and that they are the prevailing prices for those Products. Reasonable consumers also believe that they are receiving reductions from Defendant's regular prices in the amounts advertised. In truth, however, Defendant *always* offers discounts off the list prices it advertises. As a result, everything about Defendant's price and purported discount advertising is false. The list prices Defendant advertises are not actually Defendant's regular or former prices, or the prevailing prices for the Products Defendant sells, and do not represent the true market value for the Products, because Defendant's Products are *always* available for at least 15% less than that, and customers did not have to formerly pay that amount to get those items. The purported discounts Defendant advertises are not the true discount the customer is receiving. Nor are the purported discounts time limited or "End[ing]" on a certain date—quite the opposite, they are always available.

**B.    Defendant's advertisements violate Washington law.**

28.    Washington's Consumer Protection Law prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Wash. Rev. Code Ann. § 19.86.020. An act is unfair if "(1) it causes or is likely to cause substantial injury that (2) consumers cannot avoid and that (3) is not 'outweighed by countervailing benefits'" to consumers or competition. *Merriman v. Am. Guarantee & Liab. Ins. Co.*, 198 Wash. App. 594, 628 (2017). And an act is deceptive if it constitutes "a representation, omission or practice that is likely to mislead' a reasonable consumer." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wash. 2d 27, 50 (2009).

29.    Defendant's fake discount scheme is unfair. As discussed above, Defendant advertises fake discounts and false regular prices that induce consumers to purchase its Products and cause them substantial economic injury. Reasonable consumers, who rely on Defendant to provide accurate and

CLASS ACTION COMPLAINT
Case No.

16

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

truthful information about sales and pricing, cannot reasonably avoid this injury.  And Defendant's fake discounts offer no countervailing benefits—misrepresenting products' prices harms both consumers and honest competition.

30.    Defendant's fake discount scheme is also deceptive.  As described above, reasonable consumers understand Defendant's advertised time-limited discounts to mean that Products are on sale for less than its regular prices for a limited period of time.  But, as explained above, this is not true: the advertised discounts are fake, the Products are never sold at the purported regular prices, and the sales are not limited in time.

31.    The Federal Trade Commission's regulations on pricing confirm that Defendant's fake discount scheme is unfair and deceptive.  The regulations prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price.  16 C.F.R. § 233.1.  They also prohibit false or misleading "retail price comparisons" that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not the case.  16 C.F.R. § 233.1.

32.    So, Defendant's business practices are deceptive, unfair, and fraudulent and are therefore banned by Washington law.

**C.    Defendant's advertisements harm consumers.**

33.    Based on Defendant's advertisements, reasonable consumers expect that Defendant's regular prices (the prices without the advertised discounts) are former prices at which Defendant actually sold its Products before the discounts were introduced for a limited time; that they are the prevailing prices for the Products; and that they represent the true market value of the Products.

34.    Reasonable consumers also expect that, if they purchase during the sale, they will receive (at a discount) Products whose market value is the regular, non-discounted price.  For example, for items that are purportedly 20% off, reasonable consumers would expect that they are receiving a 20% discount as compared to the regular price, and that the items have a market value of 20% more than what they are spending.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

35.     As explained above, however, Plaintiff and class members' reasonable expectations were not met.  Instead of receiving Products with a market value equal to the alleged regular prices, they received items worth less.  In addition, instead of receiving a significant discount, Plaintiff and the class received little or no discount.  Thus, Defendant's false advertisements harm consumers by depriving them of the reasonable expectations to which they are entitled.

36.     In addition, consumers are more likely to buy a product, and buy more of it, if they believe that the product is on sale and that they are getting a product with a higher regular price and/or market value at a substantial discount.

37.     Consumers that are presented with discounts are substantially more likely to make the purchase.  "Nearly two-thirds of consumers surveyed admitted that a promotion or a coupon often closes the deal, if they are wavering or are undecided on making a purchase."[2]  And, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[3]

38.     Similarly, when consumers believe that an offer is expiring soon, the sense of urgency makes them more likely to buy a product.[4]

39.     Thus, Defendant's advertisements harm consumers by inducing them to make purchases they otherwise would not have made, based on false information.  In addition, Defendant's advertisements artificially increase consumer demand for Defendant's Products.  This puts upward pressure on the prices that Defendant can charge for its Products.  As a result, Defendant can charge a price premium for its Products, that it would not be able to charge absent the misrepresentations described above.  So, due to Defendant's misrepresentations, Plaintiff and the class paid more for the Products they bought than they otherwise would have.

_____

[2] https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/.
[3] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (prnewswire.com).
[4] https://cxl.com/blog/creating-urgency/ (addition of a countdown timer increased conversion rates from 3.4%-10%); Dynamic email content leads to 400% increase in conversions for Black Friday email | Adestra (uplandsoftware.com) (400% higher conversation rate for ad with countdown timer).

CLASS ACTION COMPLAINT
Case No.

18

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

**D.    Plaintiff was misled by Defendant's misrepresentations.**

40.    On February 27, 2022, Ms. Fitzgerald purchased a set of Cellular Shades from Defendant's website, TheShadeStore.com.  She made this purchase while living in Seattle, Washington.

41.    On February 18, 2022, Defendant represented on its website that a time-limited, "20% OFF ALL ORDERS" sitewide sale was running, which continued through the date of Ms. Fitzgerald's purchase until "3/2," and that the sale applied to Ms. Fitzgerald's order:



Captured February 18, 2022

42.    Defendant also represented that the list price of the Product Ms. Fitzgerald purchased was $640.00, that Ms. Fitzgerald was receiving a discount of $128.00.  Defendant confirmed this in an order confirmation email it sent to Ms. Fitzgerald.  Defendant represented that the Cellar Shades had a regular price of $640.00, that the discount price was $512.00, and that Ms. Fitzgerald was receiving a "20% SALE" discount, which will "END[]" on "03/02/22":

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

Living Room



| | | |
|---|---|---|
| QUANTITY: | 1 | 20% SALE (ENDS 03/02/22) |
| PRODUCT: | Cellular Shades | ~~$640.00~~ |
| MATERIAL: | 3/4" Single Cell LF | $512.00 |
| COLOR: | lace | |
| MOUNT: | Inside | |
| WIDTH: | 67 5/8" | |
| LENGTH: | 51 3/4" | |
| CONTROL: | Cord Lock | |
| CONTROL LENGTH: | 20" | |
| CONTROL POSITION: | Left | |
| OPTIONAL FEATURE: | Top down bottom up | |
| ESTIMATED SHIP DATE: | 03/08/2022 | |

Product Notes:
When selecting Top Down / Bottom Up there will be controls on both sides.
The controls will be:
• top down - left
• bottom up - right.

| | |
|---|---|
| PRODUCT | ~~$640.00~~ |
| SALE | -$128.00 |
| SHIPPING | FREE |
| PRODUCT SUBTOTAL | $512.00 |
| PRODUCT TAX (10.250%) | $52.48 |
| **PRODUCT TOTAL** | **$564.48** |

43.     So, Defendant represented that the Product had a certain regular price and that Ms. Fitzgerald was receiving a substantial discount for the item that she purchased.

44.     Ms. Fitzgerald read and relied on Defendant's representations on Defendant's website and email confirmation, specifically that the Product was being offered at a discount for a limited time and had higher regular and usual prices, and that she would be receiving a price reduction by buying now.  Based on Defendant's representations described and shown above, Ms. Fitzgerald reasonably understood that the Products she was purchasing regularly (and before the promotion Defendant was

CLASS ACTION COMPLAINT
Case No.

20

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

advertising) retailed at the published list prices, that these published list prices were the market value of the Product that she was buying; that she was receiving the advertised discount and a price reduction as compared to the regular price, and that advertised discount was only available for a limited time (during the limited time promotion). She would not have made the purchase if she had known that the Product was not discounted as advertised, and that she was not receiving the advertised discount.

45.    Plaintiff faces an imminent threat of future harm. Plaintiff would purchase The Shade Store Products from Defendant again in the future if she could feel sure that Defendant's list prices accurately reflected Defendant's regular prices and former prices, and the market value of the Products, and that its discounts were truthful. But without an injunction, Plaintiff has no realistic way to know which—if any—of Defendant's list prices, discounts, and sales are not false or deceptive. For example, while she could watch a sale on the day that it is supposed to end to see if the sale is permanent, doing so could result in her missing out on the sale (*e.g.*, if the sale is actually limited in time, and not permanent). Accordingly, Plaintiff is unable to rely on Defendant's advertising in the future, and so cannot purchase the Products she would like to purchase.

**E.    Defendant breached its contract with and warranties to Ms. Fitzgerald and the putative class.**

46.    When Ms. Fitzgerald and other members of the putative class purchased and paid for the Products they bought as described and shown above, they accepted offers that Defendant made, and thus, a contract was formed at the time that she made a purchase. The offer was to provide Products having a particular listed regular price and market value, and to provide those Products at the discounted price advertised on the website.

47.    Defendant's website and email confirmations list the market value of the items that Defendant promised to provide. Defendant agreed to provide a discount equal to the difference between the regular price listed by Defendant, and the price paid by Ms. Fitzgerald and putative class members. For example, Defendant offered to provide to Ms. Fitzgerald a set of Cellular Shades with a regular price and market value of $640.00, for a discounted price of $512.00; and to provide a discount of $128.00. Defendant also warranted that the regular price and market value of the Product Ms.

21

Fitzgerald purchased was the amount it identified as the list price ($640.00) and warranted that Ms. Fitzgerald was receiving a discount of $128.00 on the Product.

48.    The regular price and market value of the item Ms. Fitzgerald and the putative class members would receive, and the amount of the discount they would be provided off the regular price of the item, were specific and material terms of the contracts.  They were also affirmations of fact about the Products and a promise relating to the goods.

49.    Ms. Fitzgerald and other members of the putative class performed their obligations under the contracts by paying for the items they purchased.

50.    Defendant breached its contract by failing to provide Ms. Fitzgerald and other members of the putative class with Products that have a regular price and market value equal to the regular price displayed, and by failing to provide the discount it promised.  Defendant also breached warranties for the same reasons.

**F.    No adequate remedy at law.**

51.    Plaintiff seeks damages and, in the alternative, restitution.  Plaintiff also seeks an injunction.  Plaintiff is permitted to seek equitable remedies in the alternative because she has no adequate remedy at law.  Legal remedies here are not adequate because they would not stop Defendant from continuing to engage in the deceptive practices described above.  In addition, a legal remedy is not adequate if it is not as certain as an equitable remedy.  The elements of Plaintiff's equitable claims are different and do not require the same showings as Plaintiff's legal claims.  For example, to recover under a breach of contract theory, Plaintiff must show the existence of a contract.  This is not required for the equitable claims.  Plaintiff's remedies at law are also not equally prompt or efficient as their equitable ones.  For example, the need to schedule a jury trial may result in delay.  And a jury trial will take longer, and be more expensive, than a bench trial.

**V.    Class Action Allegations.**

52.    Plaintiff brings the asserted claims on behalf of the proposed class of:

- <u>Nationwide Class</u>: all persons who, within the applicable statute of limitations period, purchased one or more Products advertised at a discount on Defendant's website.

CLASS ACTION COMPLAINT
Case No.

22

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

- <u>Washington Subclass</u>: all persons who, while in the state of Washington and within the applicable statute of limitations period, purchased one or more Products advertised at a discount on Defendant's website.

53.    The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

### Numerosity & Ascertainability

54.    The proposed class contains members so numerous that separate joinder of each member of the class is impractical.  There are tens or hundreds of thousands of class members.

55.    Class members can be identified through Defendant's sales records and public notice.

### Predominance of Common Questions

56.    There are questions of law and fact common to the proposed class.  Common questions of law and fact include, without limitation:

(1) whether Defendant made false or misleading statements of fact in its advertisements;

(2) whether Defendant violated Washington's consumer protection statutes;

(3) whether Defendant committed a breach of contract;

(4) whether Defendant committed a breach of an express warranty;

(5) damages needed to reasonably compensate Plaintiff and the proposed class.

### Typicality & Adequacy

57.    Plaintiff's claims are typical of the proposed class.  Like the proposed class, Plaintiff purchased the Products advertised at a discount on Defendant's website.  There are no conflicts of interest between Plaintiff and the class.

CLASS ACTION COMPLAINT
Case No.

23

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

*Superiority*

58.    A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical.  It would be unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

## VI.    Claims.

### Count I: Violation of the Washington Consumer Protection Act: RCW Chapter 19.86

### (By Plaintiff and the Washington Subclass)

59.    Plaintiff incorporates each and every factual allegation set forth above.

60.    Plaintiff brings this cause of action on behalf of herself and members of the Washington Subclass.

61.    Defendant has violated the Washington Consumer Protection Act (CPA), RCW Chapter 19.86.

62.    Section 19.86.020 of the CPA states, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW § 19.86.020.

63.    Under the CPA, "[p]rivate rights of action may … be maintained for recovery of actual damages, costs, and a reasonable attorney's fee.  A private plaintiff may be eligible for treble damages," and "may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights."  Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act— Introduction) (internal citations omitted); RCW § 1986.090.

64.    Defendant engages in the conduct of trade or commerce within the meaning of the CPA.  Defendant does this by selling window covering products in a manner that directly and indirectly affects people of the state of Washington.

65.    As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in its advertisements to subclass members, constituting acts of unfair methods of competition and/or unfair or deceptive acts or practices.

CLASS ACTION COMPLAINT
Case No.

24

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

Unfair Acts or Practices

66.    As alleged in detail above, Defendant committed "unfair" acts by falsely advertising that its Products were on sale, that the sale was limited in time, that the Products had higher regular prices, and market values and that customers were receiving discounts, when none of this was true. This caused Plaintiff and the subclass to make purchases they otherwise would not have made, pay more for their purchases, and deprived them of their expectancy interest in receiving the Products as advertised.

67.    The harm to Plaintiff and the subclass greatly outweighs the public utility of Defendant's conduct. There is no public utility to misrepresenting the price of a consumer product. Plaintiff and the class's injury was not outweighed by any countervailing benefits to consumers or competition. Misleading consumer products only injure healthy competition and harm consumers.

Deceptive Acts or Practices

68.    As alleged in detail above, Defendant's representations that its Products were on sale, that the sale was limited in time, that the Products had a specific regular price, and that the customers were receiving discounts were false and misleading.

69.    Defendant's representations were likely to deceive, and did deceive, Plaintiff and other reasonable consumers. Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

* * *

70.    Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing the Product. Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

71.    In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

72.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

CLASS ACTION COMPLAINT
Case No.

25

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

73.     Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known the truth, (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation, and/or (c) they did not receive the discounts they were promised, and received Products with market values lower than the promised market values.

74.     Defendant's acts or omissions are injurious to the public interest because these practices were committed in the course of Defendant's business and were committed repeatedly before and after Plaintiff purchased Defendant's Product.  They are part of a pattern of unfair and deceptive advertisements.  These actions have injured other persons, and, if continued, have the capacity to injure additional persons.

## Count II: Breach of Contract

### (By Plaintiff and the Nationwide Class)

75.     Plaintiff incorporates each and every factual allegation set forth above.

76.     Plaintiff brings this cause of action on behalf of herself and the Nationwide Class.  In the alternative, Plaintiff brings this cause of action on behalf of herself and the Washington Subclass.

77.     Plaintiff and class members entered into contracts with when they placed orders to purchase Products on Defendant's website.

78.     The contracts provided that Plaintiff and class members would pay Defendant for the Products ordered.

79.     The contracts further required that Defendant provides Plaintiff and class members with Products that have a former price, and a market value, equal to the regular prices displayed on the website.  They also required that Defendant provide Plaintiff and the class members with the specific discount advertised on the website.  These were specific and material terms of the contracts.

80.     Plaintiff and class members paid Defendant for the Products they ordered, and satisfied all other conditions of their contracts.

CLASS ACTION COMPLAINT
Case No.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

81.     Defendant breached the contracts with Plaintiff and class members by failing to provide Products that had a regular price and market value equal to the list price displayed on its website, and by failing to provide the promised discounts.

82.     Plaintiff provided Defendant with notice of this breach of contract, by mailing a notice letter to Defendant's headquarters, on August 8, 2023.

83.     As a direct and proximate result of Defendant's breaches, Plaintiff and class members were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial.

### Count III: Breach of Express Warranty

### (By Plaintiff and the Nationwide Class)

84.     Plaintiff incorporates each and every factual allegation set forth above.

85.     Plaintiff brings this cause of action on behalf of herself and the Nationwide Class.  In the alternative, Plaintiff brings this cause of action on behalf of herself and the Washington Subclass.

86.     Defendant, as the manufacturer, marketer, distributor, supplier, and/or seller of the Products, issued material, written warranties by advertising that the Products had a prevailing market value equal to the regular price displayed on Defendant's website.  This was an affirmation of fact about the Products (i.e., a representation about the market value) and a promise relating to the goods.

87.     Defendant also issued material, written warranties by representing that the Products were being sold at an advertised discounted price.  This was an affirmation of fact about the Products and a promise relating to the goods.

88.     These warranties were part of the basis of the bargain and Plaintiff and members of the class relied on this warranty.

89.     In fact, the Products did not have a market value equal to the purported regular prices. And the Products were not actually sold at the advertised discounts.  Thus, the warranties were breached.

90.     Plaintiff provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's headquarters, on August 8, 2023.

CLASS ACTION COMPLAINT
Case No.

27

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

91.     Plaintiff and the class were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased the Products if they had known that the warranty was false, (b) they overpaid for the Products because the Products were sold at a price premium due to the warranty, and/or (c) they did not receive the Products as warranted that they were promised.

## Count IV: Quasi-Contract/Unjust Enrichment

### (By Plaintiff and the Nationwide Class)

92.     Plaintiff incorporates each and every factual allegation set forth in paragraphs 1-45 and 51-58 above.

93.     Plaintiff brings this cause of action in the alternative to her Breach of Contract claim (Count II), on behalf of herself and the Nationwide Class.  In the alternative, Plaintiff brings this claim on behalf of herself and the Washington Subclass.

94.     As alleged in detail above, Defendant's false and misleading advertising caused Plaintiff and the class to purchase the Products and to pay a price premium for these Products.

95.     In this way, Defendant received a direct and unjust benefit, at Plaintiff's expense.

96.     (In the alternative only), due to Defendant's misrepresentations, its contracts with Plaintiff are void or voidable.

97.     Plaintiff and the class seek restitution, and in the alternative, rescission.

## Count V: Intentional Misrepresentation

### (By Plaintiff and the Washington Subclass)

98.     Plaintiff incorporates each and every factual allegation set forth above.

99.     Plaintiff brings this cause of action on behalf of herself and members of the Washington Subclass.

100.    As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiff and subclass members concerning the existence and/or nature of the discounts and savings advertised on its website.

101.    These representations were false.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

102.    When Defendant made these misrepresentations, it knew that they were false at the time that they made them and/or acted recklessly in making the misrepresentations.

103.    Defendant intended that Plaintiff and subclass members rely on these representations and Plaintiff and subclass members read and reasonably relied on them.

104.    In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

105.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and subclass members.

106.    Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known that the representations were false, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

**VII.    Jury Demand.**

107.    Plaintiff demands the right to a jury trial on all claims so triable.

**VIII.    Prayer for Relief.**

108.    Plaintiff seeks the following relief for herself and the proposed class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed class;
- Damages, treble damages, and punitive damages where applicable;
- Restitution;
- Rescission;
- Disgorgement, and other just equitable relief;
- Pre- and post-judgment interest;
- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

CLASS ACTION COMPLAINT
Case No.

29

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

Dated: September 12, 2023

Respectfully submitted,

Carson & Noel, PLLC

By: */s/ Wright A. Noel*

Wright A. Noel, WSBA No. 25264
20 Sixth Ave. NE
Issaquah WA 98027Tel: 425-395-7786
Fax: 425-837-5396
Email: wright@carsonnoel.com

Christin K. Cho (Cal. Bar No. 238173)*
christin@dovel.com
Simon C. Franzini (Cal. Bar No. 287631)*
simon@dovel.com
Grace Bennett (Cal. Bar No. 345948)*
grace@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Counsel for Plaintiff*

**Pro Hac Vice* applications forthcoming

CLASS ACTION COMPLAINT
Case No.

30

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066