UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEE FITZGERALD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE SHADE STORE, LLC,<br><br>Defendant. | Case No. C23-1435RSM<br><br>ORDER DENYING MOTION TO DISMISS |

## I.      INTRODUCTION

This matter comes before the Court on Defendant The Shade Store, LLC's Motion to Dismiss, Dkt. #30.  The Shade Store argues that Plaintiff Lee Fitzgerald's claims should be dismissed for failing to adequately allege damages and for other certain reasons, and that Plaintiff's nationwide class allegations should be dismissed for lack of standing.  Plaintiff has filed an opposition, Dkt. #37.  The Court has determined that it can rule without the need of oral argument.  For the reasons stated below, the Court DENIES The Shade Store's Motion.

## II.     BACKGROUND

For purposes of this 12(b)(6) Motion, the Court will accept all facts in the First Amended Complaint, Dkt. #29, as true.  The Court will briefly summarize the relevant facts.

Defendant The Shade Store is a Delaware company that makes, sells, and markets blinds, shades, and other window covering products through its website, www.theshadestore.com.

ORDER DENYING MOTION TO DISMISS - 1

On February 27, 2022, Plaintiff Fitzgerald purchased a set of cellular shades from Defendant's website. She made this purchase while living in Seattle, Washington.

This purchase occurred during an advertised sale. On February 18, 2022, Defendant stated on its website that a "20% OFF ALL ORDERS" sale was running through the date of Ms. Fitzgerald's purchase until "3/2." Defendant represented that the list price of the Product that Ms. Fitzgerald purchased was $640.00 and that Ms. Fitzgerald was receiving a discount of $128.00. Defendant confirmed this in an email it sent to Ms. Fitzgerald after she made her purchase. Ms. Fitzgerald includes screenshots of all of this in her Complaint.

Ms. Fitzgerald alleges she read and relied on the above representations from the website and email confirmation, specifically that her shades were being offered at a discount for a limited time and had a higher regular price, and that she would be receiving a price reduction.

Plaintiff alleges that The Shade Store "creates an illusion" that customers are receiving a limited-time discount "by advertising fake limited-time sales, fake regular prices, and fake discounts based on the fake regular prices." Dkt. #29 at 8. These discounts are advertised as available for a limited time, however immediately after each sale ends Defendant generates another similar or identical discount, with a new expiration date. Examples screenshots showing a 20% off sale continuing after the end date are included in the Amended Complaint. *See id*. at 17. According to the allegations, the shades are never sold at non-sale prices.

Plaintiff alleges that the above is deceptive and unfair and induced her to make a purchase that she would not otherwise have made. She alleges that she and others in the proposed class "received Products with market values lower than the promised market values." *Id*. at ¶ 84.

ORDER DENYING MOTION TO DISMISS - 2

The Amended Complaint brings claims for: violation of the Washington Consumer Protection Act ("CPA"); breach of contract; breach of express warranty; quasi-contract/unjust enrichment; and intentional misrepresentation. Plaintiff seeks actual and punitive damages.

### III.   DISCUSSION

#### A. Legal Standard under Rule 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

#### B. Analysis

As an initial matter, the Court notes that the legal theories at issue here are familiar to the Court and to this Defendant in particular. The Shade Store has been sued in California by a different consumer for essentially the same conduct at issue. That lawsuit asserts materially identical claims both in common law and under a similar state statute, Defendant moved to dismiss, and the Court denied that Motion in part. *See Crowder v. Shade Store, LLC*, 2024 U.S.

ORDER DENYING MOTION TO DISMISS - 3

Dist. LEXIS 41896 (N.D. Cal. Feb. 12, 2024).  Plaintiffs in that case amended the complaint, Defendant again moved to dismiss, and the Court denied the motion to dismiss the state statutory claims, intentional misrepresentation, and punitive damages claims, but dismissed the quasi-contract/unjust enrichment and negligent misrepresentation claims.  *Crowder v. The Shade Store, LLC*, Case No. 23-cv-02331-NC, Dkt. #69 (N.D. Cal. June 26, 2024).

This type of "fake discount" case has also been tried here as a violation of Washington's CPA.  "Inducing a plaintiff into spending money she otherwise would not have spent, based on a misrepresentation, is clearly a cognizable injury" under the CPA.  *Nemykina v. Old Navy, LLC*, 461 F. Supp. 3d 1054, 1061 (W.D. Wash. 2020).

Considering the above, the Court finds that Plaintiff's claims are generally plausible where sufficient facts have been alleged.  The Court will go through the facts of each claim below.

1. **CPA Claim**

The Shade Store first moves to dismiss Plaintiff's CPA claim for failure to adequately allege a cognizable injury or that it engaged in an unfair act or deceptive practice.  A CPA claim requires a plaintiff to allege "(1) ... an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4) resulting in injury to business or property, and (5) a causal link between the unfair or deceptive practice and the injury suffered." RCW 19.86.020; *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784-85, 719 P.2d 531 (1986).

The Amended Complaint is fairly detailed and specific as to the circumstances of Plaintiff's shades purchase.  Plaintiff alleges that "Defendant's advertisements harm consumers by inducing them to make purchases they otherwise would not have made, based on false

ORDER DENYING MOTION TO DISMISS - 4

information," Dkt. #29 at ¶ 49, and that she herself "would not have made the purchase if she had known that the Product was not discounted as advertised, and that she was not receiving the advertised discount," *id*. at ¶ 54. She also alleges that "due to Defendant's misrepresentations, [she] and the class paid more for the Products they bought than they otherwise would have." *Id*. at ¶ 49. Plaintiff includes detailed factual allegations explaining why this is. *See id*. ("Defendant's advertisements artificially increase consumer demand for Defendant's Products. This puts upward pressure on the prices that Defendant can charge for its Products. As a result, Defendant can charge a price premium for its Products, that it would not be able to charge absent the misrepresentations"). This is all that is required to adequately plead the injury element of a CPA claim. The Court further finds that the Amended Complaint adequately alleges an unfair act or deceptive practice. The Amended Complaint identifies with particularity the advertisements Plaintiff claims are deceptive, with screenshots. It explains in detail why and how the advertisements are false. Defendant should have no trouble responding to these allegations. Further arguments about the sufficiency of the evidence can be dealt with at a later stage in this litigation.

Defendant argues that the CPA claim should be dismissed under the reasoning in *Kinney v. Amazon.com, Inc.*, 2024 U.S. Dist. LEXIS 35162 (N.D. Ill. Feb. 29, 2024), and *Montes v. Sparc Grp. LLC*, 2023 U.S. Dist. LEXIS 108379 (E.D. Wash. June 22, 2023). Plaintiff explains in her Response brief how the pleading in those cases falls short of the pleading in the instant case. *See* Dkt. #37 at 10–11. Despite the outcomes in those cases, the pleading here states a plausible claim.

//

//

ORDER DENYING MOTION TO DISMISS - 5

### 2. Intentional Misrepresentation Claim

Defendant's arguments for dismissal of this claim based on a lack of injury are properly denied for the reasons articulated above. Defendant also argues that this claim is barred by the economic loss rule because Plaintiff is simultaneously pursuing contractual claims, citing *Poulsbo Grp., LLC v. Talon Dev., LLC*, 229 P.3d 906 (Wash. Ct. App. 2010). Dkt. #30 at 17. Plaintiff responds by citing *Eastwood v. Horse Harbor Foundation, Inc.*, 241 P.3d 1256 (Wash. 2010) and *Jackowski v. Borchelt*, 278 P.3d 1100, 1109 (Wash. 2012) for the proposition that this claim can proceed if it sounds in fraud, "because the independent duty doctrine permits a party to pursue a fraud claim regardless of whether a contract exists." Dkt. #37 at 18. The Court agrees with Plaintiff's reasoning and the parties seem to agree that this claim sounds in fraud. Dismissal is not warranted.

### 3. Breach of Contract Claim

Defendant argues that this claim fails to adequately *allege* breach or damages. Dkt. #30 at 17. For the same reasons stated above, the Court has already found that Plaintiff has adequately pleaded damages. Breach of contract is also alleged in sufficient detail. For example, Plaintiff alleges that a contract imposes a duty on Defendant "to provide Products having a particular listed regular price and market value, and to provide those Products at the discounted price advertised." Dkt. #29 at ¶ 56; *see also* ¶¶ 57-58 (explaining how the contract was formed and setting forth the material terms of the contract); ¶¶ 87-89. Plaintiff alleges a breach of that duty: "Defendant breached its contracts by failing to provide Ms. Fitzgerald and other members of the putative class with Products that have a regular price and market value equal to the regular price displayed, and by failing to provide the discount it promised." *Id*. at ¶ 60 and ¶ 91. Whether or not Plaintiff can prove these allegations remains to be seen.

ORDER DENYING MOTION TO DISMISS - 6

### 4. Breach of Express Warranty Claim

Plaintiff alleges Defendant "issued material, written warranties by advertising that the Products had a prevailing market value equal to the advertised regular price" and that "the Products were being sold at an advertised discounted price." Dkt. #29 at ¶¶ 96-97.  She alleges that these were "affirmation[s] of fact about the Products" and "promise[s] relating to the goods." *Id.* ¶ 96.

Defendant argues that "[g]enerally, to constitute an express warranty, a statement must relate to the quality of the good." Dkt. #30 at 19 (citing *Innovative Sols. Int'l, Inc. v. Houlihan Trading Co.*, 2024 WL 324530, slip op. at *2 (W.D. Wash. Jan. 29, 2024) and *Flooring Assocs., Inc. v. Design Mfg. Int'l., LLC*, 2021 WL 1551473, at *14 (W.D. Wash. Apr. 1, 2021). The Court agrees with Plaintiff that these two cases involved statements relating to the quality of the goods but do not limit express warranties to such statements.  Instead, Defendant's more accurate statement of law is that an express warranty is "any affirmation of fact or promise, any description, or any sample or model by a seller relating to or describing the goods when such representation forms the basis of the bargain."  *Id*. (citing *Innovative Sols. Int'l, supra*). Plaintiff cites to numerous fake discount cases from California where express warranty claims were allowed to proceed.  Dkt. #37 at 21.  Accordingly, the Court will not dismiss this claim at this time.

### 5. Quasi-Contract/Unjust Enrichment Claim

Although this claim cannot proceed to trial at the same time as a contract claim, Plaintiff alleges it in the alternative, as she is permitted to do.  *See Arthur v. United States by and Through Veterans Admin.*, 45 F.3d 292, 296 (9th Cir. 1995).  She adequately alleges facts that could render the alleged contract void or voidable.  *See* Dkt. #29 at ¶ 106.  The Court

ORDER DENYING MOTION TO DISMISS - 7

further finds that she has adequately alleged how Defendant has received an unjust benefit given the above. The Court sees no reason to dismiss this claim at this stage.

### 6. Punitive Damages

Plaintiff states that the only "punitive" damages she is seeking are the treble damages expressly authorized by the CPA and characterizes Defendant's motion to dismiss this claim as "semantic." Dkt. #37 at 19. On Reply, Defendant points outs that Plaintiff seeks "[d]amages, treble damages, and punitive damages where applicable." Dkt. #38 at 15 (citing Dkt. #29 at ¶ 118). The Court finds that the parties essentially agree on what damages are available. No further ruling is needed from the Court at this time, however this may be the subject of a motion in limine later.

### 7. Lack of Standing for Nationwide Class Allegations

Defendant argues that Plaintiff does not have standing to assert breach of contract, breach of express warranty and quasi-contract/unjust enrichment on behalf of a nationwide class because different states have different laws as to those claims. Dkt. #30 at 21–22.

The parties disagree about whether this issue needs to be addressed now or at the class certification stage, each citing cases to support their positions. *See id.* (citing *Brenner v. Vizio, Inc.*, 2018 WL 2229274, at *2 (W.D. Wash. May 16, 2018) and *Hamilton v. NuWest Grp. Holdings LLC*, 2023 WL 130485, at *3 (W.D. Wash. Jan. 9, 2023)); Dkt. #37 at 24 (citing *Melendres v. Arpaio*, 784 F.3d 1254 (9th Cir. 2015); *Sultanis v. Champion Petfoods United States Inc.*, 2021 U.S. Dist. LEXIS 145293, at *20-21 (N.D. Cal. Aug. 3, 2021); *Patterson v. RW Direct, Inc.*, 2018 U.S. Dist. LEXIS 198887, at *2 (N.D. Cal. Nov. 21, 2018); and *Healy v. Milliman, Inc.*, 2022 U.S. Dist. LEXIS 65701, at *6 (W.D. Wash. Apr. 8, 2022)). Given the

ORDER DENYING MOTION TO DISMISS - 8

facts and legal claims of this case, the Court finds that Defendants' standing arguments are better suited for determination at the class certification stage and will defer a ruling at this time.

### IV.    CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant The Shade Store's Motion to Dismiss, Dkt. #30, is DENIED.

DATED this 25th day of July, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE