1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEE FITZGERALD and KATHERINE ADLER, each individually and on behalf of all others similarly situated, | CASE NO. C23-1435RSM |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO SEAL RE: OPPOSITION TO MOTION FOR CLASS CERTIFICATION AND OTHER FILINGS |
| v. | |
| THE SHADE STORE, LLC, | |
| Defendant. | |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

     This matter comes before the Court on Defendant The Shade Store, LLC's Motion to Seal.  Dkt. #81 (seeking to seal Dkts. #84 through #87).  These filings include Defendant's Opposition to the Motion for Class Certification, two motions to exclude expert testimony, and related exhibits.

     "There is a strong presumption of public access to the court's files."  Local Rule 5(g).  A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted).  For dispositive motions, the presumption may be overcome by demonstrating "compelling reasons."  *Id.*; *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1135-36 (9th Cir.2003).  Courts in this District have applied the "compelling reasons"

standard to motions to seal documents related to class certification.  *See Wetzel v. Certainteed Corp.*, 2019 WL 1979608, at *1 (W.D. Wash. May 3, 2019).  Applying the "compelling reasons" standard, the Ninth Circuit has found appropriate the sealing of documents when court records could be used "as sources of business information that might harm a litigant's competitive standing."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016).

Defendant moves to seal "certain, limited portions of those documents containing or discussing confidential and proprietary business information regarding aggregate and transaction-level financial and sales data."  Dkt. #81 at 3–4.

Plaintiffs ask to seal documents with their personal contact information and irrelevant financial information.  *See* Dkt. #89 at 2.

The Court agrees that the exhibits at Dkt. #87 should remain under seal for the reasons articulated by the parties.

On the other hand, the Court finds no compelling reason for the redactions made to the Opposition to the Motion for Class Certification.  Defendant asks to redact portions of "Page 2, line 19 Page 4, lines 3, 8-9 Page 22, lines 15-17."  Dkt. #81 at 6.  These redactions seal from public view the "[a]pproximate[]… % of orders []placed via design consultants;" the number of days that the "typical" customer completes their process given as a range between two numbers "or more;" the "approximate[]" percentage of customers who purchased for their own use versus home professionals purchasing for a client; and the "approximate[]" percentage of customers who buy off Defendant's website as opposed to buying through a design consultant. *See* Dkt. #74 at 8, 10, and 28.  To justify these specific redactions, Defendant states only, "[t]he redacted language consists of confidential, proprietary, and competitively sensitive information reflecting [The Shade Store's] financial and sales data and its business and pricing strategies."

Dkt. #81 at 6 (citing Dkt. #82 ("Spatz Decl."), ¶¶ 3-4). These redactions do not articulate strategies, just approximate, high-level numbers describing the standard operations of Defendant's business. The Court sees no reason why these numbers would be confidential or particularly damaging to Defendant if shared with competitors. These redactions are general in nature, not pertaining to specific customers. The Court is not convinced this is the kind of information likely to "harm a litigant's competitive standing."

The same analysis applies to the Motions to exclude expert testimony and the very limited redactions requested there. *See* Dkts. #75 and #76. For these Motions, redactions are made only to the approximate percentage of customers who spend over a certain number of days before finally placing their orders. Defendant gives the same thin justification for these redactions. *See* Dkt. #81 at 6–7 (citing Spatz Decl. at ¶¶ 3-4). There is no compelling reason or even good cause articulated by Defendant for the sealing of these approximate, high-level numbers reflecting the standard operations of Defendant's business.

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Seal, Dkt. #81, is GRANTED IN PART AND DENIED IN PART. The filing at Dkt. #87 is to remain under seal. The Opposition to the Motion for Class Certification at Dkt. #86 and the Motions at Dkts. #84 and #85 are to be UNSEALED by the Clerk fourteen days after this Order.

DATED this 18th day of July, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE